## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:09-cv-05334-FMC-RNBx | Date | November 5, 2009 |
|---|---|---|---|
| Title | Hexcel Corporation v. Ineos Polymers, Inc. | | |

| Present: The Honorable | FLORENCE-MARIE COOPER |
|---|---|

| Alicia Mamer | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   ORDER FOR ADDITIONAL MOTION BRIEFING and ORDER TAKING MOTION UNDER SUBMISSION    (In Chambers)

This matter is before the Court on Defendant's Motion to Dismiss (docket no. 118), filed on October 5, 2009.  The Court has read and considered the moving, opposition, and reply documents filed in connection with this motion.  In their briefing, the parties have staked out positions on the issues of antitrust standing and the running of the statute of limitations on Plaintiff Hexcel's antitrust claims in terms of absolutes.  For example, Defendant BP acknowledges no potential for a distinction between the pre-1996 period during which Hexcel alleges it was not a competitor and the mid-1996-to-1999 period during which Hexcel appears to have been both a purchaser and a seller of carbon fiber.  BP simply takes the position that Hexcel lacks standing because it was a competitor in the market in which the price fixing occurred, and Hexcel takes the position that it has standing because it was a purchaser throughout the entire period (1990 through 1999) during which it alleges the price-fixing at issue in this case occurred.

These lines of argument fail to address the effect, if any, of Hexcel's allegations that it did not purchase the carbon fiber and prepreg assets (the "CPD business") that Hexcel alleges first permitted it to manufacture and sell carbon fiber until some time in the middle of 1996.  FAC ¶¶ 41-44; see also Def's Request for Judicial Notice, Ex. 4 at 238 & 243 (attaching a copy of the New York Supreme Court's table opinion in Hercules Inc. v. Hexcel Inc., 2007 WL 1247252, at *2, identifying June 1996 as the month in which Plaintiff acquired the CPD business and concluding that, under the terms of the purchase agreement, Plaintiff, as the purchaser, was not liable for claims arising from the CPD Business before the closing date).  Prior to mid-1996, Hexcel alleges that it was only a purchaser of carbon fiber.

Accordingly, in light of the fact that Hexcel alleges (and BP does not refute) that Hexcel was only a purchaser – and not a competitor – from 1990 until mid-1996, the Court orders supplemental briefing on the following issues:  (1) the effect, if any, of Hexcel's June 1996 purchase of the CPD business on standing based on injuries alleged to have been incurred prior to that time, i.e., 1990 through mid-1996; and (2) assuming, arguendo, that Hexcel can establish standing to pursue claims for injuries suffered as a purchaser in the pre-mid-1996 period, the effect, if any, that has on the running of the applicable four-year statute of limitations on Hexcel's claim in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-05334-FMC-RNBx | Date | November 5, 2009 |
|---|---|---|---|
| Title | Hexcel Corporation v. Ineos Polymers, Inc. | | |

The parties are hereby ordered to submit simultaneous opening briefs of not more than 20 pages not later than November 16, 2009, and simultaneous responsive briefs of not more than 15 pages not later than November 30, 2009.  Thereafter, the Court will take the matter under submission.  The hearing set for November 16, 2009, is removed from the Court's calendar, subject to being re-set should the Court deem oral argument necessary.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |